E-FILED
Friday, 01 May, 2026 02:16:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 23-cr-30031 |
| | ) | |
| WARNELL REID, JR., | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, United State District Judge**

Before the Court is Defendant Warnell Reid, Jr.'s Motion to Dismiss Indictment for Violation of Fast and Speedy Trial Act 18 U.S.C. 3161 and Fast and Speedy Trial Under the Sixth Amendment of the United States Constitution (d/e 55).  Because fewer than 70 non-excludable days have passed between Defendant's initial appearance and his upcoming trial, Defendant's Motion (d/e 55) is DENIED.

**BACKGROUND**

Defendant was charged via Indictment (d/e 1) on June 6, 2023 with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  Defendant was arrested on June 20, 2023 and appeared,

by video, before Magistrate Judge Karen McNaught on June 21, 2023.  Defendant did not consent to proceed by video and his arraignment was continued to June 23, 2023.  On that date, Defendant requested representation by Court-appointed counsel and Assistant Federal Public Defender Robert Scherschligt accepted that appointment.  Defendant pled not guilty, and a jury trial was set for August 1, 2023.

On July 13, 2023, Defendant, through counsel, filed an Unopposed Motion to Continue (d/e 13) the trial date under 18 U.S.C. § 3161(h)(7)(A) in order to "review discovery, conduct investigation, and negotiate with the Government."  In a Text Order entered that same day, Judge McNaught granted that Motion to Continue, citing the reasons set forth therein, and found that granting the Motion was in the interest of justice and outweighed the Defendant's and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  The trial date was reset to October 3, 2023.

On August 29, 2023, Defendant, through counsel, filed a Motion to Dismiss Indictment as Unconstitutional (d/e 16) under the Second Amendment to the U.S. Constitution and the Supreme Court's holding in *N.Y. State. Rifle & Pistol Ass'n v. Bruen,* 597 U.S.

1 (2022).  The Court set a response deadline of September 29, 2023 for the Government and a reply deadline of October 13, 2023 for Defendant.  On September 16, 2023, Defendant, through counsel, filed a second Unopposed Motion to Continue (d/e 18) the trial pursuant to 18 U.S.C. § 3161(h)(7)(A), due to additional discovery, investigation, and negotiation with the Government as well as the pending Motion to Dismiss.  In a Text Order on September 18, 2023, Judge McNaught granted the second Motion to Continue for the reasons stated therein, found that granting the Motion was in the interests of justice and outweighed the Defendant's and public's interest in a speedy trial under Section 3161(h)(7)(A), and reset the trial date for December 5, 2023.  The Government timely filed a Response (d/e 19) to Defendant's Motion to Dismiss on September 29, 2023.

Defendant, through counsel, then filed eleven consecutive Unopposed Motions to Continue on November 14, 2023 (d/e 20), January 17, 2024 (d/e 21), March 15, 2024 (d/e 24), May 16, 2024 (d/e 26), July 16, 2024 (d/e 28), September 16, 2024 (d/e 30), November 18, 2024 (d/e 32), January 17, 2025 (d/e 35), March 11, 2025 (d/e 37), May 15, 2025 (d/e 39), and July 15, 2025 (d/e 41).

Defendant's Motions to Continue were filed pursuant to 18 U.S.C. § 3161(h)(7)(A) and cited additional needs to review discovery, conduct investigation, and negotiate with the Government, as well as the Motion to Dismiss still pending before the Court.  In Text Orders entered between November 14, 2023 and November 19, 2024, Judge McNaught granted the first seven of these eleven Motions to Continue, explicitly finding in each Text Order that granting a continuance was in the interest of justice and outweighed the Defendant's and the public's interest in a speedy trial under Section 3161(h)(7)(A).  Following Judge McNaught's retirement on January 7, 2025, this case was referred to Magistrate Judge Eric Long for further proceedings.  Judge Long then granted the remaining Motions to Continue in Text Orders entered between January 22, 2025 and July 16, 2025.  In each of Judge Long's Text Orders, he explicitly found that the ends of justice served by granting the continuance outweighed the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).  In particular, Judge Long found that failing to grant the continuances would deny Defendant's counsel reasonable time for effective preparation, taking into account the exercise of due

diligence, under Section 3161(h)(7)(B)(iv).  As of July 16, 2025, Judge Long reset the trial date to October 7, 2025 and found the time to that date was excludable pursuant to the Speedy Trial Act.

Following those continuances, this Court entered an Order and Opinion (d/e 43) on July 22, 2025, denying Defendant's Motion to Dismiss Indictment (d/e 16).

Defendant, through counsel, filed four additional Unopposed Motions to Continue on September 17, 2025 (d/e 45), November 15, 2025 (d/e 46), January 15, 2026 (d/e 48), and March 20, 2026 (d/e 50).  In each Motion, Defendant requested a continuance under 18 U.S.C. § 3161(h)(7)(A) "to review discovery, conduct investigation, and negotiate with the Government."  Judge Long granted each Motion by Text Order, again finding that the ends of justice served by granting the continuances outweighed the best interest of the public and Defendant in a speedy trial, pursuant to Section 3161(h)(7)(A), and that failing to grant the continuance would deny Defendant's counsel reasonable time necessary for effective preparation for trial under Section 3161(h)(7)(B)(iv).  Judge Long held that the time between the entry of each Text Order and the continued trial dates was excludable pursuant to the Speedy Trial

Act, with the trial date reset to June 2, 2026 as of the March 24, 2026 Text Order.

On April 1, 2026, Defendant filed a pro se Motion to Proceed Pro Se and Motion Objecting to Appointment of Standby Counsel (d/e 52).  This Court held a hearing on Defendant's Pro Se Motion pursuant to *Faretta v. California*, 422 U.S. 806 (1975), on April 14, 2026.  During that hearing, the Court discussed with Defendant the basis for his request to proceed pro se.  The Court engaged in a colloquy with Defendant in regarding his background, the charged offense, possible penalties, the rules that would apply to him at trial, and the Court's opinion as to the effectiveness and advantage of having trial counsel rather than proceeding pro se.

After that colloquy, the Court found that Defendant had knowingly and voluntarily waived his right to counsel and would be permitted to represent himself.  Following a discussion about discovery procedures with Defendant and the Government, the Court also appointed standby counsel to assist Defendant.  The Court did so over Defendant's objection, citing *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984).

Finally, during the hearing Defendant tendered four pro se Motions (d/e 55-58), including the instant Motion to Dismiss, for filing with the Clerk of Court.  On the record and in a subsequent Text Order, the Court ordered the Government to respond to those motions within fourteen days.

The jury trial remains set for June 2, 2026.

### ANALYSIS

Because Defendant is pro se, the Court liberally construes Defendant's Motion to Dismiss Indictment for Violation of Fast and Speedy Trial Act 18 U.S.C. 3161 and Fast and Speedy Trial Under the Sixth Amendment of the United States Constitution (d/e 55). *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." U.S. Const. amend VI.  The Speedy Trial Act specifies that a speedy trial is one that "commence[s] within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  If the

defendant is not brought to trial within the 70-day period provided by the Speedy Trial Act, the information or indictment shall be dismissed on the motion of the defendant. *Id.* at § 3162(a)(2).

However, some "periods of delay shall be excluded in computing the time within which…the trial of any such offense must commence[.]" 18 U.S.C. § 3161(h). These include any "delay resulting from a continuance granted by any judge on his own motion or at the request of" a party, "if the judge granted such continuance on the basis of his findings that the end of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). Permitted exclusions also include delays resulting from any pretrial motion, for the period from the filing of the motion through the prompt disposition of that motion. *Id.* at § 3161(h)(1)(D).

Decisions to exclude time from the Speedy Trial Act calculation are committed to the discretion of the district court. *See United States v. Robey*, 831 F.3d 857, 861 (7th Cir. 2016). "Absent legal error, . . . the district court's decision to exclude time [may be reversed] only where the defendant can show both an

abuse of discretion and actual prejudice." *United States v. Ramirez,* 788 F.3d 732, 735 (7th Cir. 2015).

The Court finds that there was neither legal error, abuse of discretion, nor prejudice in excluding periods of time from Defendant's speedy trial calculations between his initial appearance and the filing of this Opinion.

The 70-day clock began ticking when Defendant first appeared before Judge McNaught on June 21, 2023. Beginning on July 13, 2023, Defendant filed 17 requests for continuances of trial, each of which was followed by a Magistrate Judge making the required finding that Defendant's requested continuance best served the ends of justice and outweighed the interest of Defendant and the public, as required by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A).

In his Motion to Dismiss, Defendant complains that defense counsel filed motions for continuance without consulting with him. However, motions to continue may be filed by defense counsel, granted by the Court, and therefore result in exclusions from the speedy trial calculation even when a defendant did not consent to the motion being filed on his behalf. *Blake v. United States,* 723

Page **9** of **12**

F.3d 870, 886 (7th Cir. 2013), *citing United States v. Gearhart*, 576 F.3d 459, 463 n.3 (7th Cir. 2009) (holding counsel is not required to obtain a defendant's consent prior to making a tactical decision, such as the decision to seek continuance).  Likewise, as indicated above, subsection (h)(7)(A) of the Speedy Trial Act permits a judge to grant a continuance on the judge's own motion and, consequently, "the Act does not require the consent of the defendant or his counsel." *United States v. Asubonteng*, 895 F.2d 424, 427 (7th Cir. 1990).

As discussed on the record during the *Faretta* hearing, one basis for at least 13 of the 17 continuances in this case was the pending Motion to Dismiss Indictment as Unconstitutional (d/e 16), which was filed by Defendant during a time period in which the various Circuit Courts of Appeals were addressing the constitutionality of criminalizing possession of a firearm as a felon under 18 U.S.C. § 922(g)(1) following the Supreme Court's decision in *Bruen*.  This Court explained that it would have been a waste of judicial resources and unnecessarily stressful to Defendant to proceed to trial while the constitutionality of the very statute under which he was indicted was in question in this Circuit and across

Page **10** of **12**

other Circuits nationwide.  *See, e.g., United States v. Prince*, 700 F.Supp.3d 663 (N.D. Ill. 2023) (dismissing indictment under 18 § U.S.C. 922(g)(1) as invalid on its face under the Second Amendment, appealed Nov. 3, 2023), *rev'd United States v. Price*, 171 F.4th 1009 (7th Cir. 2026) (argued Dec. 11, 2024; decided Apr. 2, 2026)*; see also Asubonteng*, 895 F.2d at 427 (holding that "efficient and effective use of judicial time" is one of the "permissible considerations" under the Speedy Trial Act).

In sum, only 22 of the 70 days allowable under the Speedy Trial Act elapsed from Defendant's appearance on June 21, 2023, to the first continuance on July 13, 2023.  Each continuance was justified by the findings required under the Speedy Trial Act, and all dates from July 13, 2023 to June 2, 2026 are excludable under that Act.  Therefore, Defendant is not entitled to dismissal under the Speedy Trial Act, 18 U.S.C. § 3162(a)(2).  So too, Defendant is not entitled to dismissal for violations of the Speedy Trial Clause of the Sixth Amendment.  *See United States v. Loud Hawk*, 474 U.S. 302, 304, n. 1 (1986) ("The more stringent provisions of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* have mooted much litigation about the requirements of the Speedy Trial Clause as applied to federal

prosecutions."); *Betterman v. Montana*, 578 U.S. 437, 445 (2016) ("The manner in which legislatures have implemented the speedy trial guarantee matches our reading of the Clause.  Congress passed the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, to give effect to the sixth amendment right." (internal quotations omitted)).

Accordingly, Defendant's Motion to Dismiss Indictment for Violation of Fast and Speedy Trial Act 18 U.S.C. 3161 and Fast and Speedy Trial Under the Sixth Amendment of the United States Constitution (d/e 55) is DENIED.

**IT IS SO ORDERED.**
**ENTERED:  May 1, 2026.**
**FOR THE COURT:**

/s/ *Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**