E-FILED
Tuesday, 05 May, 2026  10:36:24 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-cr-30031 |
| | ) | |
| WARNELL REID, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, United State District Judge**

Before the Court is Defendant Warnell Reid, Jr.'s pro se Motion to Dismiss Indictment Because the Commerce Clause Statute 18 U.S.C. 922(g)(1) is Unconstitutional and Unconstitutionally Vague in Describing Affecting Commerce and Conflicts with United States Supreme Court Precedent in Lopez (d/e 58). Because precedent establishes the constitutionality of § 922(g)(1) under both the Second Amendment and the Commerce Clause, Defendant's Motion (d/e 58) is DENIED.

## BACKGROUND

Defendant was charged via Indictment (d/e 1) on June 6, 2023 with possession of a firearm by a felon, in violation of 18 U.S.C. §

922(g)(1).  On August 29, 2023, Defendant, through counsel, filed a

Motion to Dismiss Indictment as Unconstitutional (d/e 16) under

the Second Amendment to the U.S. Constitution and the Supreme

Court's holding in *N.Y. State. Rifle & Pistol Ass'n v. Bruen*, 597 U.S.

1 (2022).  The Government timely filed a Response (d/e 19) to

Defendant's Motion to Dismiss on September 29, 2023.

In an Opinion and Order (d/e 43) entered July 22, 2025, this

Court denied Defendant's Motion to Dismiss (d/e 16).  In that

Order, this Court applied the following framework announced by

the *Bruen* Court for analyzing Second Amendment challenges to

firearms regulations:

> First, the presiding court must determine whether "the Second
> Amendment's plain text covers an individual's conduct."
> *Bruen*, 597 U.S. at 17.  If the text does not cover the conduct,
> the inquiry ends, and the challenged regulation is deemed
> constitutional.  But, if the conduct falls within the plain text of
> the Second Amendment, the conduct is presumptively
> protected.  *Id.*  The analysis then moves to the second step,
> where the government bears the burden to "affirmatively prove
> that its firearms regulation is part of the historical tradition
> that delimits the outer bounds of the right to keep and bear
> arms."  *Id.* at 18-19.

(d/e 43 at 4-5).

This Court thoroughly discussed the relevant Second

Amendment legal framework, including *Bruen*, other Supreme

Court precedent including *District of Columbia v. Heller*, 554 U.S. 570 (2008) (protecting the rights of law-abiding citizens to possess firearms in their homes), and *United States v. Rahimi*, 602 U.S. 680 (2024) (upholding the constitutionality of § 922(g)(8)'s prohibition on possession of firearms by persons subject to domestic violence restraining orders), and Seventh Circuit caselaw, including *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023), and *United States v. Gay*, 98 F.4th 843 (7th Cir. 2024).  The Court also acknowledged that, as of the entry of its Opinion and Order in this case in July 2025, the vast majority of Circuit Courts of Appeals had upheld the constitutionality of § 922(g)(1) even as applied to non-violent felons.

In particular, this Court found the Seventh Circuit's analysis in *Gay* to be instructive, observing that Defendant's extensive criminal history made him similarly-situated to the defendant in *Gay*.  Based upon the Seventh Circuit's reasoning in *Gay*, 98 F.4th at 846-47, this Court concluded that an individual with Defendant's four decades-long criminal history is not a "law-abiding, responsible" citizen who has a constitutional right to possess firearms under *Bruen*.

After the Court denied the Motion to Dismiss (d/e 16) filed by defense counsel, Defendant filed a pro se Motion to Proceed Pro Se and Motion Objecting to Appointment of Standby Counsel (d/e 52) on April 1, 2026.  This Court held a hearing on Defendant's Pro Se Motion pursuant to *Faretta v. California*, 422 U.S. 806 (1975), on April 14, 2026.  During that hearing, the Court discussed with Defendant the basis for his request to proceed pro se.  The Court engaged in a colloquy with Defendant regarding his background, the charged offense, possible penalties, the rules that would apply to him at trial, and the Court's opinion as to the effectiveness and advantage of having trial counsel rather than proceeding pro se.

After that colloquy, the Court found that Defendant had knowingly and voluntarily waived his right to counsel and would be permitted to represent himself.  Following a discussion about discovery procedures with Defendant and the Government, the Court also appointed standby counsel to assist Defendant.  The Court did so over Defendant's objection, citing *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984).

Finally, during the hearing Defendant tendered four pro se Motions (d/e 55-58), including the instant Motion to Dismiss (d/e

58), for filing with the Clerk of Court.  On the record and in a subsequent Text Order, the Court ordered the Government to respond to those motions within fourteen days.  The Government did so, filing its Response (d/e 70) to the instant Motion on April 29, 2026.

## ANALYSIS

Because Defendant is pro se, the Court liberally construes Defendant's Motion to Dismiss (d/e 58).  *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

Turning first to Defendant's challenge of 18 U.S.C. § 922(g)(1) under the Second Amendment, the Court has already ruled that Defendant is not entitled to a dismissal of the Indictment on that basis, as described above.  *See* Opinion and Order (d/e 43). Therefore, the Court construes the pending Motion to Dismiss under the Second Amendment as a motion to reconsider its July 2025 ruling.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (internal quotations

omitted); *see also United States v. Boarden,* 29 F.Supp.3d 1165, 1171-72 (E.D. Wisc. 2014) (district courts faced with motion to reconsider in criminal case "typically apply the established standard applicable in civil cases").  An additional basis for reconsideration may arise "where a significant change in the law has occurred[.]"  *Broaddus v. Shields,* 665 F.3d 846, 860 (7th Cir. 2011).

In Defendant's pro se Motion to Dismiss, he does not identify any manifest errors of law or fact, nor does he present any newly discovered evidence.  In this Court's prior Opinion and Order (d/e 43), this Court correctly identified the legal framework for analyzing Second Amendment challenges to firearms regulations, as established in *Bruen,* and applied that framework to the facts of this case with lengthy consideration of related Supreme Court and Seventh Circuit precedent.

As for changes in the law following this Court's earlier Opinion and Order, the Seventh Circuit has since ruled in *United States v. Prince,* 171 F.4th 1009 (7th Cir. 2026), that § 922(g)(1) is constitutional "on its face" under the Second Amendment.

Therefore, within this Circuit the general validity of the statute under which Defendant was indicted has now been established.

For these reasons, Defendant's Motion to Dismiss under the Second Amendment must be denied.

The Court turns next to Defendant's challenge to the constitutionality of Section 922(g)(1) under the Commerce Clause. U.S. Const., Art. I, § 8, cl. 3.  Defendant argues, in general terms, that Congress exceeded its authority under that Clause when prohibiting felons from possessing firearms under § 922(g)(1) and further argues that § 922(g)(1) is too vague in establishing an impact on interstate commerce.  In support of his Motion, Defendant principally cites to *United States v. Lopez*, 514 U.S. 549 (1990) (holding that the Gun-Free School Zones Act, 18 U.S.C. § 922(q)(1)(A), exceeded Congress' Commerce Clause authority).

The Government is correct that the Seventh Circuit has addressed the question of the constitutionality of § 922(g)(1) following the Supreme Court's 1990 ruling in *Lopez* and has consistently and repeatedly held that Congress acted within its powers under the Commerce Clause in passing § 922(g)(1).  *United States v. Lemons*, 302 F.3d 769, 772 (7th Cir. 2002) ("We have, in

the wake of *Lopez,* repeatedly rejected Commerce Clause challenges to application of the felon-in-possession statute."); *see also United States v. Van Sach,* 458 F.3d 694, 703 (7th Cir. 2006) (collecting cases). In short, the constitutionality of § 922(g)(1) under the Commerce Clause is settled in this Circuit, and Defendant's Motion identifies no legal basis for calling into question that established precedent.

Further, Defendant cannot plausibly argue that the specific facts alleged in the Indictment in this case are insufficient to satisfy the "jurisdictional element" of Section 922(g), which "provides the required nexus with interstate commerce." *United States v. Hemmings,* 258 F.3d 587, 594 (7th Cir. 2001). That is, Section 922(g) itself requires that possession of the firearm be "in or affecting interstate commerce," *United States v. Williams,* 128 F.3d 1128, 1133-34 (7th Cir. 1997) (*quoting* 18 U.S.C. § 922(g)), and the Indictment (d/e 1) against Defendant in this case alleges that he possessed a firearm that "ha[d] been shipped and transported in interstate commerce." More specifically, the Government alleges in its Response (d/e 70) to the instant Motion to Dismiss that Defendant possessed a Taurus Model 66 .357 Magnum revolver,

and that Taurus is a Brazilian firearm brand not manufactured in Illinois.

At trial, the Government will be required to prove that connection between the firearm in question and interstate commerce in order to convict Defendant under 18 U.S.C. § 922(g)(1).  At this stage, the Indictment is sufficient and there is no basis for dismissal.

For the foregoing reasons, Defendant's Motion to Dismiss Indictment Because the Commerce Clause Statute 18 U.S.C. 922(g)(1) is Unconstitutional and Unconstitutionally Vague in Describing Affecting Commerce and Conflicts with United States Supreme Court Precedent in Lopez (d/e 58) is DENIED.

**IT IS SO ORDERED.**
**ENTERED:  May 5, 2026.**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**