E-FILED
Tuesday, 28 July, 2026  11:39:30 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 23-cr-30031** |
| | ) | |
| **WARNELL REID, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER AND OPINION**

**SUE E. MYERSCOUGH, United State District Judge**

Before the Court is Defendant Warnell Reid, Jr.'s pro se Motion to Dismiss Indictment for Being Defective (d/e 135) and the Governments' Response (d/e 137) thereto.  For the following reasons, Defendant's Motion (d/e 135) is DENIED.

## I.  BACKGROUND

Defendant was charged via Indictment (d/e 1) on June 6, 2023 with possession of a firearm by a prohibited felon.  Following the case caption and name of the offense charged in the Indictment, page one reads in full:

THE GRAND JURY CHARGES:

On or about April 9, 2023, in Springfield, Illinois in the Central District of Illinois, the defendant,

WARNELL REID, JR.,

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, said firearm having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

(d/e 1).

Page two of the Indictment contains the following Notice of Forfeiture:

Upon conviction for the offenses alleged in this indictment, the defendant,

WARNELL REID, JR.,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of said offenses, including, but not limited to, a

Silver Taurus, Model 66, .357 Magnum Revolver, serial

number 5212017 and Federal special ammunition.

(d/e 1).

Following the Notice of Forfeiture, there are signatures line for

the foreperson and for Gregory K. Harris, United States Attorney.

The Court assumes familiarity with its prior Orders, in which

the Court recounted the relevant procedural history of this case at

length.  In short, following the Indictment in June 2023 Defendant

was appointed representation by Assistant Federal Public Defender

Robert Scherschligt.  Defendant was represented by Mr.

Scherschligt until April 2026, when Defendant filed a Motion to

Proceed Pro Se and Motion Objecting to Appointment of Standby

Counsel (d/e 52).  Following a hearing pursuant to Faretta v.

California, 422 U.S. 806 (1975), the Court found that Defendant

had knowingly and voluntarily waived his right to counsel and

would be permitted to represent himself.  The Court also appointed

standby counsel, Daniel Noll, over Defendant's objection, pursuant

to McKaskle v. Wiggins, 465 U.S. 168, 184 (1984).

The Court has previously considered and denied a Motion to

Dismiss Indictment as Unconstitutional (d/e 16) filed by counsel, a

pro se Motion to Dismiss Indictment Because the Commerce Clause Statute 18 U.S.C. 922(g)(1) is Unconstitutional and Unconstitutionally Vague in Describing Affecting Commerce and Conflicts with United States Supreme Court Precedent in Lopez (d/e 58), and a pro se Motion to Suppress (d/e 57).

The Court held a Final Pretrial Conference on Thursday, July 23, 2026, which continued over to Tuesday, July 28, 2026. Defendant filed the instant Motion to Dismiss (d/e 135) in the interim, on Sunday, July 26, 2026, to which the Government filed a Response (d/e 137) on Monday, July 27, 2026. This case remains set for a Jury Trial beginning the morning of Monday, August 3, 2026.

## II.  LEGAL STANDARD

Defendant brings his Motion to Dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3), which provides that certain "defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits[.]" Fed. R. Crim. P. 12(b)(3). These defenses include allegations of "a defect

in the indictment" including "lack of specificity[.]"  Fed. R. Crim. P. 12(b)(3)(B)(iii).

A district court "must view all facts in the light most favorable to the government on a motion to dismiss[.]"  United States v. Yashar, 166 F.3d 873, 880 (7th Cir. 1999).  "When viewed in that light, an indictment is sufficient if it satisfies three constitutionally-mandated requirements."  United States v. Vasquez, 576 F.Supp.2d 928, 934 (N.D. Ill. 2008), citing United States v. Anderson, 280 F.3d 1121, 1124 (7th Cir. 2002).

> First, it must adequately state all of the elements of the crime charged; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense.

Anderson, 280 F.3d at 1124, citing United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000).

> More generally,

> the indictment should generally "track" the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished.  It is required, at a minimum, that an indictment provide the defendant with some means of pinning down the specific conduct at issue.  The absence of any particular fact is not necessarily dispositive of the issue.  Further, we review indictments on a practical basis and in their entirety, rather than in a hypertechnical manner.

Page **5** of **13**

Id. (internal quotations and citations omitted).

## III.  ANALYSIS

### A.  The Indictment Satisfies the Three Constitutionally-Mandated Requirements.

Beginning with an analysis of the first of the three constitutional requirements as described by the Seventh Circuit in Anderson, the Indictment in this case adequately states the elements of the crime charged and "tracks" the words of the statute itself.

Specifically, the statute under which Defendant is charged provides that

It shall be unlawful for any person—

(1) who has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year…

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

By comparison, the Indictment charges that Defendant was a person who "kn[ew] that he had been convicted of a crime punishable by imprisonment for a term exceeding one year"; that

Defendant "knowingly possess[ed] a firearm"; and that the "firearm ha[d] been shipped and transported in interstate commerce."  In short, the language of the Indictment includes all necessary elements of the statute.

Turning to the second requirement, the Indictment informs Defendant of the nature of the charges so that he may prepare a defense.  The nature of the charges are summarized as "Possession of a Firearm by a Prohibited Person" and described in more depth as "knowingly possess[ing] a firearm" that had "been shipped and transported in interstate commerce."  Further, the Indictment alleges that Defendant "kn[ew] that he had been convicted of a crime punishable by imprisonment for a term exceeding one year[.]"  Finally, the Indictment includes the date (April 9, 2023) and place (Springfield, Illinois) that the Defendant's alleged possession occurred.

Taken together—that is, reviewing the indictment "on a practical basis and in [its] entirety"—the foregoing allegations provide Defendant with sufficient notice of the crime with which he is charged, in a manner that complies with Anderson's requirement, "at a minimum, that an indictment provide the defendant with some

means of pinning down the specific conduct at issue." Anderson, 280 F.3d at 1124. The allegations are also sufficient to allow Defendant to prepare a defense, by highlighting the elements which the Government must prove in order to secure a conviction: for example, Defendant's knowledge of the alleged possession, his knowledge of a previous conviction, the time and place of the alleged possession, and the alleged fact that the firearm had been shipped and transported in interstate commerce.

Finally, given the date charged in the Indictment, Defendant would be able to use the instant Indictment as a bar to double jeopardy should the Government attempt to prosecute him for possession on that same date in any future proceeding. See Anderson, 280 F.3d at 1124 ("The Fifth Amendment guarantees the right to an indictment by grand jury and serves as a bar to double jeopardy, while the Sixth Amendment guarantees that a defendant be informed of the charges against him."), citing United States v. Hinkle, 637 F.2d 1154, 1157 (7th Cir. 1981) (An indictment "must establish a record that shows when the defense of double jeopardy may be available to the defendant in the event future proceedings are brought against him.").

### B.  Defendant's Specific Objections Do Not Call Into Question the Constitutionality of the Indictment.

Having satisfied the three established constitutional requirements, as described above, the Court finds no basis upon which to dismiss the Indictment for lack of specificity or any other flaws.  Nevertheless, the Court will address each one of Defendant's particular complaints in turn, mindful that "[t]he absence of any particular fact is not necessarily dispositive" and that courts should "review indictments on a practical basis and in their entirety, rather than in a hypertechnical manner."  Anderson, 280 F.3d at 1124.

First, Defendant alleges that the Indictment is defective because it "fails to state an offense by omitting Rehaif standard of defendant's knowledge of particular class of prohibited person." (d/e 135, at II.A.).  This allegation is plainly contradicted by the language used in the Indictment, specifically the inclusion of the following language alleging Defendant's knowledge: "the defendant, WARNELL REID, JR., knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year…".  Cf. Rehaif v. United States, 588 U.S. 225, 231 (2019) ("Applying the word 'knowingly' to the defendant's status in § 922(g)

helps advance the purpose of scienter, for it helps to separate wrongful from innocent acts.…  It is…the defendant's *status*, and not his conduct alone, that makes the difference.  Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful.").

Second, Defendant alleges that the Indictment "fails to state defendant's possession was in or affecting interstate commerce." (d/e 135, at II.B.).  The Indictment clearly alleges that the firearm possessed by Defendant "ha[d] been shipped and transported in interstate commerce."  This allegation is sufficient to satisfy the meaning of "interstate or foreign commerce" as defined by statute, 18 U.S.C. § 921, and as has been interpreted by the Supreme Court and the Seventh Circuit.  See, e.g., Scarborough v. U.S., 431 U.S. 563, 577 (1977) ("Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred."); United States v. Rice, 520 F.3d 811, 815 (7th Cir. 2008) ("Following Scarborough, we have held on numerous occasions that as long as a firearm moved across state lines at some point prior to the defendant's possession of it, the possession satisfies § 922(g)(1)'s 'in or affecting commerce' requirement.").

Third, Defendant argues that the Indictment is defective because it "fails to state what particular make, model and brand of firearm the defendant possessed." (d/e 135, at II.C.).  As the Court has already indicated, indictments are to be reviewed "on a practical basis and in their entirety, rather than in a hypertechnical manner."  Anderson, 280 F.3d at 1124.  Likewise, even "[t]he absence of any particular fact is not necessarily dispositive of the issue" of whether an indictment is deficient.  Id.  Defendant admits that the make, model, and serial number of the firearm are included in the notice of forfeiture on page two of the Indictment. That notice describes the "Silver Taurus, Model 66, .357 Magnum Revolver, serial number 5212017" as one of the "firearms…involved in the commission of said offense" charged on page one of the Indictment.  "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."  U.S. v. Allender, 62 F.3d 909, 914 (7th Cir. 1995).  As analyzed above, the Indictment satisfies the three constitutionally-mandated requirements, including sufficiently informing Defendant of the nature of the charges so that he may prepare a defense.

Page **11** of **13**

Fourth, Defendant argues that the Indictment is deficient because it "fails to state what crime the defendant was convicted of that was punishable by imprisonment for a term exceeding one year." (d/e 135, at II.D.). As discussed immediately prior, "[t]he absence of any particular fact is not necessarily dispositive of the issue" of whether an indictment is deficient, and indictments are to be reviewed "in their entirety, rather than in a hypertechnical manner." Anderson, 280 F.3d at 1124. The Indictment satisfies the three constitutionally-mandated requirements, including adequately stating all elements of the crime charged and sufficiently informing Defendant of the nature of the charges so that he may prepare a defense. It need not do more.

Finally, Defendant objects to the Indictment because it allegedly "fails to contain any actual signature of then United States Attorney Gregory K. Harris or Asst. United States Attorney Douglas Quivey" and "fails to contain any signature of the foreman of the Grand Jury." (d/e 135, at II.E.-F.). Defendant is mistaken. On the unsealed Indictment (d/e 1), both of the signature lines, for the foreperson and for the United states Attorney, have some remnants of handwritten signatures overlayed with redacted, typed signatures

in the format s/[NAME].  These redactions are made in compliance

with Central District of Illinois Local Rule 5.11(A), which addresses

privacy concerns and mandates: "[L]litigants must modify or

partially redact certain personal data identifiers appearing in case

initiating documents, pleadings, affidavits, or other papers"

including signatures, with the suggested modification to "Use

s/name" in its place.  C.D. Ill. Local Rule 5.11(A)(2).  The sealed,

unredacted Indictment (d/e 2) is also properly filed on the docket,

with handwritten signatures.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss

Indictment for being Defective (d/e 135) is DENIED.


**IT IS SO ORDERED.**
**ENTERED:  July 28, 2026.**
**FOR THE COURT:**


/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**